**Dated: February 6, 2018**

**The following is ORDERED:**



Sarah A Hall
United States Bankruptcy Judge

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

In re:

RODNEY DAVID BROOKS,

Debtor.

Case No. 17-13033-SAH
Chapter 7

## ORDER DENYING MOTION TO REOPEN CASE TO PAY FINAL INSTALLMENT, WITH BRIEF IN SUPPORT, WITH CERTIFICATE OF SERVICE, AND WITH NOTICE OF OPPORTUNITY FOR HEARING [DOC. 32]

On July 28, 2017, Rodney David Brooks ("Debtor") filed a voluntary chapter 7 petition commencing this bankruptcy case. Pursuant to the Order (i) Granting Application for Individuals to Pay the Filing Fee in Installments [Doc. 5] and (ii) Granting in part Motion for Miscellaneous Relief; Refund of the Filing Fee, Paid in Full, in Order to Allow Filing Fees in Installments, with Certificate of Service [Doc. 6] (the "Order"), entered on August 4, 2017 [Docs. 8 and 9][1], Debtor was allowed to pay the filing fee in installments with the initial installment of $84.00 paid

---

[1] Debtor was mailed a copy of the Order on August 6, 2017. See Doc. 11. His counsel received a notice of entry of the Order on August 4, 2017, through CM/ECF. See Docs. 8 & 9.

immediately. Debtor paid the second and third installments but failed to pay the fourth installment due on October 31, 2017, leading the Court to issue the Notice of Hearing for Failure to Pay Filing Fees, filed on November 14, 2017 [Doc. 27] (the "Dismissal Notice").[2] The Dismissal Notice advised Debtor that a filing fee installment payment was past due and set a hearing on November 29, 2017, at 9:30 a.m., to consider dismissal of the case for failure to pay the final filing fee installment. The Dismissal Notice further advised that Debtor's presence at the hearing would not be required **if** the $83.00 installment payment was paid prior to the hearing. See Doc. 27. Neither Debtor nor his counsel appeared at the November 29, 2017 hearing, and Debtor did not pay the $83.00 filing fee prior to such hearing. See Doc. 29. Accordingly, the Court entered the Order of Dismissal on November 29, 2017 [Doc. 30] (the "Dismissal Order")[3], dismissing the case without prejudice.

Debtor filed his Motion to Reopen Case to Pay Final Installment, with Brief in Support, with Certificate of Service, and with Notice of Opportunity for Hearing on February 1, 2018 [Doc. 32] (the "Motion"). The Motion significantly misstates the status of this bankruptcy case, claiming "Debtor's case was administratively closed without a discharge on November 29, 2017, due to Debtor's failure to pay his final filing fee installment." See Motion [Doc. 32], ¶ 2.

---

[2]Debtor was mailed a copy of the Dismissal Notice on November 16, 2017. See Doc. 28. His counsel received notice of entry of the Dismissal Notice on November 14, 2017, through CM/ECF. See Doc. 27.

[3]Debtor was mailed a copy of the Dismissal Order on December 1, 2017. See Doc. 31. His counsel received notice of entry of the Dismissal Notice on November 29, 2017, through CM/ECF. See Doc. 30.

However, this case was not administratively closed[4] but was dismissed on November 29, 2017. See Doc. 30 ("Accordingly, this case is HEREBY DISMISSED WITHOUT PREJUDICE."). It is the "dismissed" status of this case that renders the relief sought by the Motion improper.

### I.   A DISMISSED BANKRUPTCY CASE CANNOT BE REOPENED.

Debtor seeks to reopen this case under the authority of 11 U.S.C. § 350(b). Section 350(b) provides "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor or for other cause." Almost universally, courts have concluded that Section 350(b) is inapplicable where a bankruptcy case has been dismissed rather than closed. Flores v. United States Trustee (In re Flores), 271 B.R. 213 (table, unpublished) (10th Cir. BAP 2001); In re Bison Park Dev., LLC, 2011 WL 4498848, *2 (Bankr. D. Kan. 2011) (quoting Armel Laminates, Inc. v. Lomas & Nettleton Co. (In re Income Property Builders, Inc.), 699 F.2d 963, 965 (9th Cir. 1982) ("An order dismissing a bankruptcy case accomplishes a completely different result than an order closing it would and is not an order closing.")); In re Robinson, 2009 WL 2877627, *2 (Bankr. D. N.M. 2009) ("[A] dismissed case cannot be reopened under 11 U.S.C. § 350(b) because it was not closed pursuant to 11 U.S.C. § 350(a) following administration of the estate.").[5] A case that is dismissed is "fundamentally

---

[4]This Court does, as many bankruptcy courts do, "administratively" close cases without entry of a discharge when the debtor has failed to file the certificate evidencing post-petition completion of the personal financial management course pursuant to Federal Rule of Bankruptcy Procedure 1007(b)(7). See, e.g., In re Moore, 2015 WL 6125310, *1, n.1 (Bankr. D. D.C. 2015). Such action was not taken in this case, and is never taken in response to a debtor's failure to pay a filing fee in full.

[5]See also In re Montique, Inc., 2003 WL 25947338, *3 (Bankr. E.D. Pa. 2003) ("A bankruptcy court has no authority to 'reopen' a case that was previously 'dismissed,' as such a case was never 'closed' within the meaning of section 350(a)."); In re Dorff, 480 B.R. 919, 921
(continued...)

different from a case that is closed.  Closing a case contemplates full estate administration and the completion of the bankruptcy process, whereas dismissing a case restores the assets and the parties to their prepetition status, as if the case had never been filed." Mitchell v. Weinmann (In re Mitchell), 2012 WL 5995443, *9 (unpublished) (10th Cir. BAP 2012) (citing In re Woodhaven, Ltd., 139 B.R. 745, 747-48 (Bankr. N. D. Ala. 1992)).  Section 350(b) applies only to bankruptcy cases that have been closed; it cannot be used to "reopen" a dismissed case. Mitchell, 2012 WL 5995443, *9 (citing Singleton v. Countrywide Home Loans, Inc. (In re Singleton), 358 B.R. 253, 257-58 (D.S.C. 2006)).

Accordingly, this Court cannot reopen this dismissed case pursuant to Section 350(b).

## II. DEBTOR IS NOT ENTITLED TO RELIEF UNDER FED. R. CIV. P. 59 AND 60(b)(1), (AS APPLICABLE PURSUANT TO FED. R. BANKR. P. 9023 AND 9024,).

Debtor appears to be seeking relief from the Dismissal Order under either Federal Rule of Civil Procedure 59 (applicable pursuant to Federal Rule of Bankruptcy Procedure 9023), or Federal Rule of Bankruptcy Procedure 60 (applicable pursuant to Federal Rule of Bankruptcy

---

[5](...continued)
(Bankr. E.D. Wis. 2012) (Section 350(b) "applies only to fully administered cases, not to dismissed cases."); In re Raggie, 389 B.R. 309, 312 (Bankr. E.D. N.Y. 2008) ("[A]n order dismissing case accomplishes a completely different result than an order closing it would and thus is not an order closing. . . . This conclusion is reinforced by the fact that other Bankruptcy Rules use the term 'dismissed or closed'; if a dismissal order had the effect of closing a case, it would be unnecessary to include the word 'dismissed' in those rules.  See Fed. R. Bankr. P. 7004(b)(9) (providing that service of summons and complaint in an adversary proceeding may be made upon the debtor 'until the case is dismissed or closed' by mailing a copy of those papers to the debtor's address as shown in the petition or to another designated address); Fed. R. Bankr. P. 1017(b)(2) (providing for distribution of the filing fee if the case is 'dismissed or closed' without full payment of the fee)." (citations omitted)).

Procedure 9024).  See Flores, 271 B.R. 213, *3; Mitchell, 2012 WL 5995443, *9.  Rule 59 applies only if a motion is filed thereunder within 14 days after the order or judgment was entered, a time restraint that Debtor did not satisfy in this case.  In re Howarth, 2011 WL 4018255, *2 (Bankr. D. Colo. 2011).  Rule 59 is, accordingly, not a proper ground for relief.

Rule 60 applies when the motion for relief from an order is filed more than 14 days after entry of such order and, therefore, applies to the instant matter.  Rule 60 "permits the filing of a motion for relief from an order . . . based on mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or any other reason justifying relief, within one year of the entry of the challenged order."  Bishop v. Connolly (In re Bishop), 463 B.R. 142, *4 (table, unpublished) (10th Cir. BAP 2010).  The Motion states that, although Debtor was aware of the deadline for paying his final filing fee installment, he "inadvertantly [sic] neglected to pay his final filing fee installment."  Motion [Doc. 32], ¶ 3.  As a basis for relief under Rule 60(b), this seemingly falls within the confines of Rule 60(b)(1) for mistake, inadvertence or excusable neglect.  Relief from a judgment under Rule 60(b)(1) is considered an extraordinary relief that should only be granted in "exceptional circumstances" and falls within the discretion of the Court.  Howarth, 2011 WL 4018255, *2; Wright v. Hickman, 36 F. App'x 395, 399 (10th Cir. 2002); Dorff, 480 B.R. at 922 (citing Bernegger v. King, 2011 WL 2518788 (E.D. Wis. 2011)).

Mistake and Inadvertence

"Rule 60(b)(1) motions premised upon mistake are intended to provide relief to a party in only two instances:  (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order."  Yapp v. Excel Corp., 186 F.3d 1222, 1231

(10th Cir. 1999) (citing Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576 (10th Cir. 1996) (citing 7 James Wm. Moore et. al., Moore's Federal Practice ¶ 60.22[2] (2d ed. 1985))).  Debtor does not assert a substantive mistake by the Court so the focus must be on whether Debtor's mistake of non-payment was the type of mistake that Debtor could not have protected against.  Yapp, 186 F.3d at 1231.  Unfortunately, "a party who simply misunderstands or fails to predict the legal consequences of his deliberate acts cannot later, once the lesson is learned, turn back the clock to undo those mistakes."  Yapp, 186 F.3d at 1231.  Mere carelessness by Debtor (or his counsel) in failing to make his final installment payment is not a basis for relief under Rule 60(b).  Yapp 186 F.3d at 1231 (citing Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1146 (10th Cir. 1990)).  Such are the facts before the Court.

      The Motion provides no basis for a mistake other that mere inadvertence.  Debtor was admittedly aware of the deadline to pay his final fee installment but neglected to make the payment.  This omission was clearly within Debtor's control as both Debtor and his counsel were provided with notice of the deadline, notice of Debtor's failure to satisfy the deadline, notice of the ability to cure the omission, and notice of the hearing to consider dismissal of the case based on Debtor's failure to pay the final installment.  See Dismissal Notice [Doc . 27].  The Dismissal Notice was issued in mid-November 2017, and Debtor took no action whatsoever to rectify his non-payment, to file a response to the Dismissal Notice, or to seek an extension of time from the Court to pay the final installment.  The hearing on November 29, 2017, provided Debtor with yet another opportunity to cure his default or to advise the Court of the reasons for his failure to pay his final installment.  However, neither Debtor nor his counsel took advantage of this opportunity, failing to appear at the hearing, which resulted in dismissal of Debtor's case on

November 29, 2017.  Debtor and his counsel were entirely in control of the circumstances giving rise to the dismissal, i.e. non-payment of the final installment, but elected to take no action to prevent dismissal of the case based on non-payment notwithstanding several opportunities having been provided to avoid dismissal.  "[L]itigation mistakes remediable by Rule 60(b)(1) are limited to mistakes that a party could not have protected against."  Salazar v. McCormick (In re Crestview Funeral Home, Inc.), 347 B.R. 115, *4 (table, unpublished) (10th Cir. BAP 2006).  Herein, Debtor and his counsel could and should have protected against dismissal either by paying the final installment, by filing an application for extension of time to pay the final installment, or by appearing at the scheduled hearing and requesting an extension of time.  Debtor's intentional choice of inaction[6] does not constitute a mistake for which relief can be granted under Rule 60(b)(1).

Accordingly, given Debtor's failure to protect himself against dismissal of the bankruptcy case, mistake cannot serve as a basis upon which this Court can grant Rule 60(b)(1) relief.

### Excusable Neglect

Similarly, Debtor's neglect is not excusable.  Whether neglect is excusable is an equitable determination, taking into account all relevant circumstances surrounding the party's omission, including:  (i) the danger of prejudice to the opposing party, (ii) the length of delay and its potential impact on judicial proceedings, (iii) the reason for the delay, including whether it was within the movant's reasonable control and (iv) whether the movant acted in good faith.

---

[6]Debtor admitted he was aware of the deadline to pay the final installment but just failed to make the payment with no explanation or justification for his failure.  He further provided no explanation for his failure to take advantage of any of the alternative actions available to him that would have prevented the dismissal of his case.

Calhoun v. Schultze, 197 F.R.D. 461, 462 (D. Kan. 2000) (citing Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395 (1993)).

Reviewing the Pioneer factors, the Court finds that these factors favor denial of the Motion.  First, processing a chapter 7 case, dismissing it, and subsequently reinstating it imposes burdens on the Court, the trustee and the bankruptcy process.  Creditor confusion is likely in such circumstances where the automatic stay was imposed when the case was filed, was terminated when the case was dismissed, and would be reinstated when and if the Dismissal Order were vacated.  In such circumstances, prejudice to creditors, the trustee and the bankruptcy process is real.  Second, while the two-month delay between dismissal and the filing of the Motion is not a lengthy amount of time, because the automatic stay would be reinstated if the Dismissal Order were vacated, any delay in seeking its vacation has the potential to impact creditors of this estate.  Third, Debtor simply failed to make the final installment payment by the known deadline.  To the Court, this "excuse," when combined with the numerous opportunities that Debtor had to pay his final installment and cure the basis for dismissal of this case, and his silence in response thereto, illustrate that entry of the Dismissal Order was entirely within Debtor's control.  All Debtor had to do was pay the installment prior to its deadline or its extended deadline (i.e. the November 29, 2017 hearing) or seek an extension of time to pay the final installment.  He freely chose to do nothing and now must bear the consequences of his own inaction.  Fourth and finally, although there is nothing before the Court suggesting that the Motion was filed in bad faith, Debtor has not demonstrated good faith.  In fact, Debtor's carelessness towards the payment deadline, his complete inaction in response to the Dismissal Notice and the lack of any legitimate reason for

failing to satisfy the payment deadline suggest the absence of good faith. Diaz v. Beard, 2015 WL 5436898, *3 (S.D. Cal. 2015).

Having concluded that Debtor was aware of a deadline but took no steps to satisfy such deadline and allowed the bankruptcy case to be dismissed,[7] the Court has no choice but to conclude that such actions were entirely within Debtor's control and undoubtedly impact this Court, the trustee and potentially creditors of this estate prejudicially. Accordingly, Debtor's actions do not amount to excusable neglect, and the Dismissal Order will not be vacated under Rule 60(b)(1) for excusable neglect.

## Conclusion

For the reasons set forth above, the Motion is DENIED.

IT IS SO ORDERED.

# # #

---

[7] As a result of the dismissal, the chapter 7 trustee was also discharged, and her bond was cancelled.